UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER LANE et al.,

    Plaintiffs,

v.          07-CV-3332

LARRY PHILLIPS et al.,

    Defendants.

### Order Granting and Denying Motions to Dismiss

The defendants' motions to dismiss are before the court (d/e's 16, 28). To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id., quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974.

The plaintiffs are all detained in Rushville Treatment and Detention Center under the Sexually Violent Persons Act. They allege that each of them is now pursuing his own state habeas action, challenging his detention. Before now, their friend R.G Webb, a paralegal, has always helped them with their legal actions. The plaintiffs allege that the defendants are denying them access to the courts by denying them a law library, legal materials, and legal assistance. They allege that they are unable to share legal material with each other and are not allowed to obtain help from their paralegal friend. Plaintiffs Lane and Lurz allege that they are "mildly retarded with learning disabilities or functionally illiterated [sic]."

Since November 2007, the plaintiffs have not been allowed to associate with the residents of their choosing. Instead, the defendants decide by assigning each resident to a certain unit. Only those members on the same unit are allowed any interaction with each other, for example, in gym, yard and group therapy. Residents from different units are not allowed to interact with each other. The plaintiffs Kras and Lurz are gay and wish to engage in an adult consensual relationship with each other. The defendants have prohibited Kras and Lurz from interacting or communication with each other. (Kras changed his last name to Lurz after filing this case, but he will continued to be referred to as Kras for ease of understanding). Kras and Lurz seem to assert, however, that they do not wish to engage in sexual relations with one another, and at other times

assert that sexual relations would not be the sole reason for their relationship-that they are in love and their relationship is centered on love, respect, compassion and faithfulness. Kras and Lurz are prohibited from being assigned the same tasks, gym, yard, and treatment group. Plaintiff Lane's requests to move to a different unit so that he could associate with certain residents have been denied. Lane asserts that, because he was not allowed to choose his roommate, the roommate that was placed with him pressured him into a sexual encounter, which would not have otherwise happened had he been able to choose his roommate.

Kras and Lurz have been denied rooming requests because they are openly gay, while heterosexual residents and closet gay residents have been allowed to choose their roommates.

Until November 2007, the plaintiffs got six and ½ hours of time every day for outside recreation, but that was reduced to five, and then to two hours, or sometimes one hours, per day. As a result, the plaintiffs' weight has increased and health has decreased.

The plaintiffs seek injunctive relief: 1) a law library, legal materials, and help from residents trained in the law; 2) no more discrimination against Kras and Lurz because they are gay; 3) permission for residents to decide with whom they will associate and reside; and 4) no room assignments based on race.

*I. Access to the Courts*

"The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to Petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case). access means more than just the ability to file a complaint or appeal. An access claim is also stated when "denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 445 F.3d 965(7th Cir. 2006).

The plaintiffs assert that all their state habeas petitions have been dismissed because of their lack of access to a law library, legal materials, and/or legal assistance. At this stage, the plaintiffs plead sufficient prejudice to proceed on their access claim. The defendants point out that the plaintiffs are appointed counsel in the proceedings under the SVP Act, but that does not address the plaintiffs' habeas actions or require the conclusion that their habeas actions are frivolous. Additionally, at this point there are not enough facts in the record to determine if qualified immunity is available. *Alvarado v. Litscher*, (7th Cir. 2001), *citing Jacobs v. City of Chicago*, 215 F.3d 758, n.3 (7th Cir 2000)("[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity.").

*II. Association*

The plaintiffs challenge their inability to socialize, associate and room with the residents of their choice. If the First Amendment right of association is implicated regarding a resident's right to associate with another unrelated resident, the court believes it would be subject to the rational relation test. The right would be subject to restrictions that are rationally related to legitimate governmental interests, such as security, order, and rehabilitation of the residents. *See, e.g., Block v. Rutherford*, 468 U.S. 576 (1984)(upholding blanket ban on contact visits for pretrial detainees, finding that restriction was "reasonably related to the security of the facility"). Additionally, the decision on whether residents on one unit should interact with another unit, as well as which unit a resident is assigned to, and which residents should be roommates, would depend on the exercise of discretion and consideration of a number of factors, a decision entitled to deference. *Youngberg v. Romeo*, 457 U.S. 307, 320 (1982). The defendants have proffered rational reasons, but the decision is premature on a motion to dismiss. More information is needed about how the residents are assigned to a unit, the reasons behind those assignments, and the reasons behind not allowing the units to interact. Additionally, it is not clear whether the rule against interaction applies to all form of communication, such as letter writing. The plaintiffs argue that the room and resident assignments, and rules regarding interactions between units, have nothing to do with the security or order of the institution. They also argue that the reasons proffered for the assignments and rules are pretextual, and they seem to argue that the units were allowed interaction before November 2007 with no problems. Accordingly, determination of this claim should await a more fully developed record.

As for the right of Kras and Lurz to intimately associate with each other, it seems reasonably clear from their response to the motion to dismiss that at least part of what they what is to be able to engage in sexual relations. The defendants point out, however, that "all detainees are prohibited from engaging in sexual intercourse, sexual conduct or fondling, or touching done to sexually arouse either or both persons. 59 Ill. Admin. Code 299.App.A. The rule applies equally to heterosexuals and homosexuals, so the court sees no equal protection (discrimination) claim based on that distinction. Further, unlike the association claim discussed above, the court does not believe it is premature to say that the rule is rationally related to legitimate government interests in the security of the institution and the safety and health of the residents. Not allowing openly gay residents to room together is rationally related to the legitimate objective of achieving compliance with the rule. In any event, Kras and Lurz are not just gay residents seeking a platonic relationship; they seek an "intimate" relationship with each other, which would run afoul of the rule against sexual conduct, fondling and touching. Not allowing them to room together is reasonably related to the legitimate goal of enforcing the rule.

However, it is not clear if Kras and Lurz are allowed any communication at all. They will be allowed to pursue their association claim, to the extent they seek association that does not involve rooming together or engaging in sexual interactions with each other. The court states no opinion on the claim, but believes a more developed factual record is necessary to determine what the restrictions are, and whether they are reasonably related to legitimate government objectives. Additionally, at this point there are not enough facts in the record to determine if qualified immunity is available.

*III. Outside Recreation*

The plaintiffs assert that, since 2007, they receive two hours of outside recreation per day (sometimes one), which they assert is insufficient and has caused them to gain weight.

The Constitution requires the plaintiff to be "housed under 'humane conditions' and provided with 'adequate food, clothing, shelter, and medical care.'. . . To show a constitutional violation . . . , [the plaintiffs] must prove both (1) that [they] suffered a sufficiently serious deprivation and (2) that [the defendants] acted with 'deliberate indifference' to [their] conditions of confinement. Id. at 837." Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008), *citing* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Limiting outside recreation to two hours per day (sometimes one hour) does not amount to a "sufficiently serious deprivation" to violate the Constitution in the court's opinion. *See id.* (peeling paint, foul odor, no air conditioning, cockroach infestation, inability to open window without letting bugs in not objectively serious enough). Two hours is sufficient time to engage in outdoor exercise and recreation and to get some fresh air and sunlight. Accordingly, this claim will be dismissed.

IT IS THEREFORE ORDERED:

1) The defendants' motions to dismiss are granted in part and denied in part (d/e's 16, 28). The plaintiff's claim about two hours per day of outdoor recreation is dismissed for failure to state a federal claim. The motions to dismiss are otherwise denied.

2) The discovery stay is lifted.

3) Discovery closes June 30, 2009.

4) Dispositive motions are due July 31, 2009. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests are not filed with the court, unless there is a dispute regarding such discovery. See CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

Entered this <u>6th</u> Day of <u>March</u>, 2009.

<u>s\Harold A. Baker</u>
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE