UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER LANE et al.,

      Plaintiffs,

v.                                                                                                07-CV-3332

LARRY PHILLIPS et al.,

      Defendants.

### Case Management Order

      The plaintiffs, held in the Rushville Treatment and Detention Center, have moved for reconsideration of the court's dismissal of their outdoor exercise claim. The plaintiffs alleged in their Complaint that, since 2007, they have receive two hours of outside recreation per day (sometimes one), which they assert is insufficient and has caused them to gain weight and suffer other health problems. The court dismissed this claim, reasoning that "[l]imiting outside recreation to two hours per day (sometimes one hour) does not amount to a "sufficiently serious deprivation" . . . ." (3/6/09 Order).

      The plaintiffs argue that they are entitled to better treatment than prisoners incarcerated in the IDOC. They assert that two hours of outdoor exercise is the same that IDOC prisoners get, and therefore it must be constitutionally inadequate for the plaintiffs, since the plaintiffs are not prisoners and are not to be "punished." The Constitution, though, does not require that every aspect of the plaintiffs' confinement be preferable to prison. The question is whether the outdoor exercise opportunities are so deficient that they violate constitutional standards of decency for detainees. *Sain v. Wood*, 512 F.3d 886 (7th Cir. 2008)(committed person entitled to "humane conditions" and the provision of "adequate food, clothing, shelter, and medical care")(*quoting Farmer v. Brennan*). The court is still of the opinion that two hours of outdoor exercise (sometimes one) is constitutionally adequate. That the plaintiffs sometime have to choose between outdoor recreation and working or attending treatment does not violate the constitution. The plaintiff asserts that residents have suffered a variety of health problems since the reduction in outdoor exercise, including obesity, but one or two hours of outdoor exercise a day is more than sufficient to keep obesity at bay, assuming caloric intake is within the recommended range.

      The plaintiffs have also moved for appointment of counsel. In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

1

It appears that the plaintiffs have made reasonable efforts to find their own attorney. Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors in assessing competency, though there are no "fixed requirements." Id. 503 F.3d at 655.

Upon review of the plaintiffs' submissions in the record and their federal litigation experience, the Court concludes that they are competent to litigate their own case, in light of the relative simplicity of the case. Plaintiff Lurz asserts that he has been diagnosed as mildly retarded, but the plaintiffs' filings in this case have been literate and on point, demonstrating a knowledge of their claims and the applicable law. They have submitted a comprehensive response to the pending summary judgment motion. Further, each of the plaintiffs has at least some prior federal litigation experience (particularly Lurz and Kras). The facts of the case are not complicated; most of them are within the plaintiffs' personal knowledge. The claims, based on the plaintiffs' first amendment rights and access to the courts, are not complex.

IT IS THEREFORE ORDERED that the plaintiff's motion for appointment of counsel (d/e 45) and motion to reconsider (d/e 37) are denied.

Entered this <u>19th</u> Day of <u>November</u>, 2009.

<u>s\Harold A. Baker</u>
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE