IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISTOPHER LANE, KRISTOPHER KRAS, and TIMMY LURZ, <br><br> Plaintiffs, <br><br> v. <br><br> ALFREDA KIBBY, EUGENE McADORY, and SHAN JUMPER, <br><br> Defendants. | Law No. 07-cv-3332- HAB-CHE |

### RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER

NOW COMES the Defendant, SHAN JUMPER, Ph.D., by his attorney, THERESA M. POWELL, of HEYL, ROYSTER, VOELKER & ALLEN, and for his response to Plaintiff's Motion to Reconsider states:

1. First, there is no such thing as a motion to reconsider. A motion to reconsider does not exist under the Federal Rules of Civil Procedure. See *Moore v. Phillips*, 2010 WL 4449727 (S.D.Ill. Nov. 2010), attached hereto.

The Seventh Circuit has held that when challenging the merits of a district court order, such a motion is to be considered as having been filed pursuant to Rule 59(b) or Rule 60(b) of the Federal Rules of Civil Procedure. *Id*.

2. The court's order granting summary judgment as it pertains to direct association was based on accurate facts as well as accurate law. The Plaintiff's motion provides no evidence to support the contention that the original order was in error or that it should be vacated.

3.  Defendant Jumper adopts the arguments of Co-Defendants Kibby and McAdory as and for their own as set forth herein.

4.  In addition, Defendant Jumper would point out to the court and to Plaintiff's counsel that the Court's original order did not specifically indicate that there were material factual disputes precluding summary judgment. To the contrary, the Court indicated that the Court had questions concerning the restrictions alleged by the Plaintiffs and the reasons for the alleged restrictions.

5.  The facts as developed through the course of this case indicate that the Plaintiffs are able to communicate with each other in writing through the U.S. Mail. The Plaintiffs have no evidence to refute this statement of fact. More importantly, however, two of the three Plaintiffs in this case had previously indicated they were unable to read. Accordingly, these two Plaintiffs should not have standing to bring this cause of action as the rights of residents as whether or not these two Plaintiffs have the ability to write to one another according to security would have no effect whatsoever on an individual who was unable to read or write.

6.  More importantly, Plaintiff's motion cites to no information which would suggest that Dr. Jumper played any role in either developing the security restriction at issue or enforcing it. Accordingly, even if the court were inclined to reverse its prior ruling, Defendant Jumper prays that this Court would not do so as to him as there is no evidence to support a claim against him individually, nor in any other capacity.

WHEREFORE, Defendant prays that this Court would deny Plaintiffs' Motion to Reconsider.

s/ Theresa M. Powell
Theresa M. Powell, IL ARDC #:  6230402
Attorney for Defendant Jumper
Heyl, Royster, Voelker & Allen
Suite 575, PNC Bank Building
P. O. Box 1687
Springfield, IL  62705-1687
217.522.8822  Phone
217.523.3902  Fax
tpowell@heylroyster.com

PROOF OF SERVICE

I hereby certify that on April 21, 2011, I electronically filed the foregoing instrument, RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Daniel J. Weiss - dweiss@jenner.com | *Attorneys for Plaintiffs* |
| Daniel T. Fenske - dfenske@jenner.com | |
| Ashley M. Schumacher – ashumacher@jenner.com | |
| | |
| Christopher L. Higgerson - chiggerson@atg.state.il.us | *Attorney for Defendants Kibby and McAdory* |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

s/ Theresa M. Powell
Theresa M. Powell

TMP/cs (R7881)
16646219_1.DOCX