IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Christopher Lane, et al., | ) | |
| Plaintiffs, | ) | Case No. 07-3332 |
| vs. | ) | |
| | ) | |
| Larry Phillips, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR SUMMARY JUDGMENT**

Now come the defendants, Eugene McAdory and Alfreda Kibby, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and reply to plaintiffs' response to their motion for summary judgment as follows:

**RESPONSE TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

**Material and Undisputed**

1. Lurz is largely illiterate.

2. As recently as June 2010, Rushville officials have described Lurz as being "between the Borderline and Mild Mental Retardation range of intellectual functioning," and as having a "reading disability ... as well as some receptive and expressive language difficulties."

4. Rushville's law library consists of a single CD-ROM.

10. Lurz filed a habeas petition in the Circuit Court in Schuyler County, Illinois on July 14, 2008.

11. The Schuyler County court interpreted Lurz's claim to assert four claims: (1) a due process violation related to Lurz's SVP stipulation; (2) a double jeopardy violation related to Lurz's criminal case; (3) that Lurz's stipulation violated the Sexually Violent Persons Act; and (4) ineffective assistance of counsel.

12. After the assistant attorney general moved to dismiss the claim, the court offered Lurz a chance to argue in support of his case. Lurz's entire reply was, "I don't know what to say. I don't understand the legal system. You know, I really don't know really what to say about it, so–."

13. The Schuyler County court granted the defendant's motion to dismiss.

14. After describing the four claims it interpreted Lurz to be making, the court explained its reasons for dismissing the case this way:

> [W]hile all four of these allegations may get you relief under some legal process, none of them will get you relief under the Habeas Corpus Act. In order to sustain an action for habeas corpus release and be released pursuant to habeas relief, you have to do one of two things. You have to show that the original court had no jurisdiction over you to begin with. That's clearly not the case; and, number two, that some new act has occurred since the entry of that original judgment that requires your release. And again, none– you haven't even alleged anything of that nature. Everything you've alleged has been part of the process that took place at the time of your admission, and none of the things that you have alleged here amount to habeas relief, so I must grant the Motion to Dismiss based on that.

15. Lurz filed a habeas petition in the Illinois Supreme Court on November 16, 2007.

16. The basis of Lurz's Supreme Court Petition is unclear, but it contested the legality of his SVP stipulation and alleged that he suffered ineffective assistance of counsel.

17. Lurz's Illinois Supreme Court habeas petition was dismissed without explanation.

**Disputed Facts**

_____3. "Staff assistance with legal research is not provided."

**Defendant McAdory has testified that staff provides other residents to help illiterate residents with legal research. (Ex. A, McAdory Dep. p. 123.)**

2

18.     As a matter of law, Lurz should not have filed an original habeas petition in the Illinois Supreme Court, as it is a court of appellate jurisdiction, and though it technically has original jurisdiction over habeas petitions, it almost never grants relief on original petitions.

**This assertion of fact lacks internal consistency. It appears to claim both that filings with the Supreme Court are not allowed, and are allowed but are not strategically advisable. The defendants dispute that both can be true.**

**Immaterial Facts**

5.      Plaintiff Lurz has the opportunity to challenge his confinement every twelve months in the Circuit Court of Wayne County, which oversees his regular SVP proceedings.

**This fact is immaterial because it relates to plaintiff Lurz's petitions for recovery filed pursuant to the Illinois Sexually Violent Persons Act. The Court has previously ruled that Lurz's denial of access to the courts claim is limited to his habeas corpus filing. See Court's Order of March 2, 2010, p. 9.**

6.      On November 29, 2006, Lurz orally moved the state court to exercise his constitutional right to fire his lawyer and represent himself.

**This fact is immaterial because it relates to plaintiff Lurz's petitions for recovery filed pursuant to the Illinois Sexually Violent Persons Act. The Court has previously ruled that Lurz's denial of access to the courts claim is limited to his habeas corpus filing. See Court's Order of March 2, 2010, p. 9.**

7.      When the Court asked Lurz why, his reply was incoherent:

3

> It ain't no special ed. treatment. You know what I'm saying?...It has a lot to do with it because, you know what I'm saying? I did my case when I was 13 years old. You know what I'm saying?

**This fact is immaterial because it relates to plaintiff Lurz's petitions for recovery filed pursuant to the Illinois Sexually Violent Persons Act. The Court has previously ruled that Lurz's denial of access to the courts claim is limited to his habeas corpus filing. See Court's Order of March 2, 2010, p. 9.**

8. The state court denied the motion.

**This fact is immaterial because it relates to plaintiff Lurz's petitions for recovery filed pursuant to the Illinois Sexually Violent Persons Act. The Court has previously ruled that Lurz's denial of access to the courts claim is limited to his habeas corpus filing. See Court's Order of March 2, 2010, p. 9.**

9. On October 9, 2009, Lurz filed a Motion to Proceed Pro Se in those proceedings.

**This fact is immaterial because it relates to plaintiff Lurz's petitions for recovery filed pursuant to the Illinois Sexually Violent Persons Act. The Court has previously ruled that Lurz's denial of access to the courts claim is limited to his habeas corpus filing. See Court's Order of March 2, 2010, p. 9.**

## ARGUMENT

**I.    Plaintiff Lurz has not shown that he was denied access to the courts.**

Plaintiff has offered additional facts intended to show that plaintiff Lurz failed in pursuing his habeas corpus petition because of lack of access to legal materials at Rushville. The right of an incarcerated person to access the courts can be satisfied by either providing access to individuals trained in the law or providing access to a law library.

4

Brooks v. Buscher, 62 F.3d 176, 181 (7th Cir. 1995).  Either method satisfies the constitution.  Id.  In this case, the staff at Rushville provided computerized legal research materials.  Plaintiff Lurz has offered no evidence that those materials were insufficient.  Plaintiff has argued that he is illiterate and therefore the legal materials are of no use to him.  But the record shows that residents are provided to assist illiterate residents.  This cures the problem of plaintiff's illiteracy.  There is no constitutional requirement that individuals with legal training be provided to help a resident with his use of the legal materials.

Even if the legal materials provided at Rushville are found to be insufficient, there is no evidence on the record that this insufficiency caused Lurz to fail in his attempts to obtain legal relief.  Plaintiff has only alleged that he filed a habeas petition and was unsuccessful.  Some plaintiffs are not entitled to relief.  Absent a showing that the lack of access to legal materials caused him to lose his case, plaintiff Lurz has not shown that the defendants are liable for denying him access to the courts.

WHEREFORE, for the above and foregoing reasons, the defendants ask this Court to grant their motion for summary judgment.

Respectfully submitted,

Eugene McAdory and Alfreda Kibby,

Defendants,

Christopher L. Higgerson
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9014 Telephone
(217) 782-8767 Facsimile

Of Counsel.

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

By:  \s\ Christopher L. Higgerson
     Christopher Higgerson #6256085
     Assistant Attorney General

5

**Case No. 07-3332**
**Certificate of Service**

I hereby certify that on May 9, 2011, I electronically filed **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Ashley M. Schumacher
aschumacher@jenner.com

Daniel T. Fenske
dfenske@jenner.com

Daniel J. Weiss
dweiss@jenner.com

Theresa M. Powell
tpowell@heylroyster.com

David M. Walter
dwalter@heylroyster.com

and I hereby certify that on May 9, 2011, I mailed by United States Postal Service, the document to the following non-registered participant: NONE.

Respectfully submitted,

By: s/Christopher L. Higgerson
Christopher L. Higgerson, #6256085
Assistant Attorney General

6