**E-FILED**
Friday, 13 May, 2011  05:00:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHRISTOPHER LANE, KRISTOPHER KRAS,
and TIMMY LURZ,

       Plaintiffs,

    v.

ALFREDA KIBBY, EUGENE McADORY, and
SHAN JUMPER,

       Defendants.

Law No. 07-cv-3332- HAB-CHE

REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT INSTANTER

NOW COMES the Defendant, SHAN JUMPER, Ph.D., by his attorney, THERESA M. POWELL, of HEYL, ROYSTER, VOELKER & ALLEN, and for his Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (d/e 103) states:

Plaintiff's Additional Material Facts

1    Lurz is largely illiterate. (Summ. J. Op. 8.)[6] He can only read small words like "car" and "truck." (Id. at 5.)

Response:    Defendant admits the allegations in paragraph 1 and adopts the answer of Co-Defendants as well.

2.    As recently as June 2010, Rushville officials have described Lurz as being "between the Borderline and Mild Mental Retardation range of intellectual functioning," and as having a "reading disability . . . as well as some receptive and expressive language difficulties." (Pls.' Supp. Ex. 7, Lurz Psych. Re-Exam. 3, June 21, 2010.)

Response:    Defendant admits the allegations in paragraph 2 but adopts the response

of Co-Defendants.    Defendant has no personal information to either

admit or deny this allegation.

3.    "Staff assistance with legal research is not provided." (Pls.' Ex. 2, Resident

Handbook 23.)

Response:    Defendant admits the allegations in paragraph 3 inasmuch as the Co-

Defendants have admitted the same.

4.    Rushville's law library consists of a single CD-ROM. (Jumper Ex. 11, McAdory

Dep. 122.)

Response:    Defendant admits the allegations of paragraph 4 as neither Dr. Jumper

nor Liberty Healthcare have anything to do with providing legal materials.

5.    Plaintiff Lurz has the opportunity to challenge his confinement every twelve

months in the Circuit Court of Wayne County, which oversees his regular SVP proceedings. 725

ILCS 5/207(55)(a).

Response:    Defendant admits that the Plaintiff has the opportunity to challenge his

confinement to the extent allowed by law.

6.    On November 29, 2006, Lurz orally moved the state court to exercise his

constitutional right to fire his lawyer and represent himself. (Pls.' Supp. Ex. 8, IIr'g Tr. 7, *In re*

*Lurz*, 99 MR 16 (Cir. Ct. 2d Jud. Cir., Wayne Cty., Nov. 29, 2006).)

Response:    Immaterial.    To the extent Mr. Lurz sought to fire his attorney and

represent himself, Mr. Lurz was exhibiting evidence that he chose not to

seek assistance from legal counsel when his intelligence and legal skills

should have directed otherwise.

7.      When the Court asked Lurz why, his reply was incoherent:

It ain't no special ed. treatment. You know what I'm saying? . . . It has a lot to do
with it because, you know what I'm saying? I did my case when I was 13 years
old. You know what I'm saying?

(*Id.*)

Response:      Immaterial.  Mr. Lurz's response to the Court is not relevant to whether or

not anyone at Rushville denied him access to the courts.

8.      The state court denied the motion. (*Id.*)

Response:      Admit.

9.      On October 9, 2009, Lurz filed a Motion to Proceed Pro Se in those proceedings.
(Pls.' Supp. Ex. 9, Motion to Proceed Pro Se, Oct. 9, 2009.)

Response:      Admit.

10.      Lurz filed a habeas petition in the Circuit Court in Schuyler County, Illinois, on
July 14, 2008. (Pls.' Supp. Ex. 10, Docket Sheet, *Lurz v. Phillips*, No. 08-MR-10 (Cir. Ct. 8th
Jud. Cir. filed July 14, 2008).)

Response:      Admit, however, this is irrelevant to the claim.

11.      The Schuyler County court interpreted Lurz's claim to assert four claims: (1) a
due process violation related to Lurz's SVP stipulation; (2) a double jeopardy violation related to
Lurz's criminal case; (3) that Lurz's stipulation violated the Sexually Violent Persons Act; and
(4) ineffective assistance of counsel. (Pls.' Supp. Ex. 11, Hr'g Tr. 5, *Lurz v. Phillips*, No. 08-
MR-10 (Cir. Ct. 8th Jud. Cir. Nov. 18, 2008).)

Response:   Immaterial.   How the county court interpreted plaintiff's claims is

irrelevant.  The claim against the defendants is set forth as one for access

to the courts.   The only relevance to these allegations is that it does

suggest that it had the claims of Mr. Lurz which shows that he did have

access to the courts.

12.    After the assistant attorney general moved to dismiss the claim, the court offered
Lurz a chance to argue in support of his case.  Lurz's entire reply was, "I don't know what to
say. I don't understand the legal system. You know, I really don't know really what to say about
it, so --." (*Id.* at 4-5.)

Response:   Immaterial.   The plaintiff's claim is one for denial of a writ of habeas

corpus as set forth in this Court's prior orders.  Mr. Lurz's inability to put

together a proper legal response was the result of his personal request to

not be represented by counsel and not the result of any act or inaction on

the part of Dr. Jumper in any capacity.

13.    The Schuyler County court granted the defendant's motion to dismiss. (*Id.* at 5-6.)

Response:   Admit but immaterial.

14.    After describing the four claims it interpreted Lurz to be making (*supra* Pls.' Additional Material Fact 11), the court explained its reasons for dismissing the case this way:

> [W]hile all four of these allegations may get you relief under some legal process, none of them will get you relief under the Habeas Corpus Act. In order to sustain an action for habeas corpus release and be released pursuant to habeas relief, you have to do one of two things. You have to show that the original court had no jurisdiction over you to begin with. That's clearly not the case; and, number two, that some new act has occurred since the entry of that original judgment that requires your release. And again, none -- you haven't even alleged anything of that nature. Everything you've alleged has been part of the process that took place at the time of your admission, and none of the things that you have alleged here amount to habeas relief, so I must grant the Motion to Dismiss based on that.

Response:    Admit but immaterial.  None of these allegations support plaintiff's claim he was denied access to the courts by Dr. Jumper in any capacity.

15.    Lurz filed a habeas petition in the Illinois Supreme Court on November 16, 2007. (Jumper Ex. 1.)

Response:    Admit.

16    The basis of Lurz's Supreme Court Petition is unclear, but it contested the legality of his SVP stipulation and alleged that he suffered ineffective assistance of counsel. (*Id.* at 1.)

Response:    Admit but immaterial.  The plaintiff's claim is one for access to the courts based upon a writ of habeas corpus.  The fact that the Supreme Court received this petition and considered it is evidence the plaintiff was not denied access to the courts.

17.    Lurz's Illinois Supreme Court habeas petition was dismissed without explanation. (Jumper Ex. 2.)

Response:    Admit but immaterial.

18.    As a matter of law, Lurz should not have filed an original habeas petition in the Illinois Supreme Court, as it is a court of appellate jurisdiction, and though it technically has original jurisdiction over habeas petitions, it almost never grants relief on original petitions. *See, e.g., N. Chgo. Hebrew Congregation,* 193 N.E. at 522.

Response:    Admit but immaterial.  The plaintiff sought to fire his counsel.  Plaintiff's assertions that he was denied access to the court based upon his own action to fire his counsel is not founded in the law.

### ARGUMENT

The plaintiffs essentially admit that Dr. Jumper has nothing to do with the claims filed by these plaintiffs against the defendants.  Even to the extent that plaintiffs' claims against Dr. Jumper are solely in an official capacity, the plaintiff fails to allege in what capacity Dr. Jumper played a role in developing any policy which plaintiffs allege to be unconstitutional.

Although injunctive relief may cover any and all individuals who work within a facility, in order for the plaintiffs to defeat defendants' motion for summary judgment, there must be some evidence that Dr. Jumper violated the plaintiffs' constitutional right in the first place.

Repeatedly, the plaintiffs assert that Dr. Jumper did not play a role in providing access to the courts, nor did he play a role in determining the residents' abilities to communicate with each other in writing or in any other fashion.  Accordingly, defendant Jumper is entitled to summary judgment as it pertains to the claims against him by the plaintiffs.

s/ Theresa M. Powell
Theresa M. Powell, IL ARDC #:  6230402
Attorney for Defendant Jumper
Heyl, Royster, Voelker & Allen
Suite 575, PNC Bank Building
P. O. Box 1687
Springfield, IL  62705-1687
217.522.8822  Phone
217.523.3902  Fax
tpowell@heylroyster.com

PROOF OF SERVICE

I hereby certify that on May 13, 2011, I electronically filed the foregoing instrument, Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment Instanter, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel J. Weiss - dweiss@jenner.com             *Attorneys for Plaintiffs*
Daniel T. Fenske - dfenske@jenner.com
Ashley M. Schumacher – ashumacher@jenner.com

Christopher L. Higgerson - chiggerson@atg.state.il.us   *Attorney for Defendants*
                                                          *Kibby and McAdory*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

s/ Theresa M. Powell
Theresa M. Powell

TMP/cs (R7881)
16727901_1.DOCX